IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Troy Demetrius Wright, ) | |
| ) | Criminal No. 5:11-0795-MBS |
| Movant, ) | |
| ) | **OPINION AND ORDER** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Movant Troy Demetrius Wright is an inmate in custody of the Bureau of Prisons. He seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On July 6, 2011, a federal grand jury returned a seven-count Indictment charging Movant with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Counts 1 and 4), two counts of possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 2 and 5), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(C) (Counts 3 and 7, respectively), and possession of a firearm that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count 6). On February 29, 2012, Movant pleaded guilty to Counts 1, 2, and 3 pursuant to a plea agreement. ECF Nos. 47, 49. The plea agreement included a waiver provision by which Movant agreed not to contest "either the conviction or the sentence in any direct appeal or other post-conviction actions, including any proceedings under 28 U.S.C. § 2255." ECF No. 47 at 12.

1

Prior to Movant pleading guilty, the government filed an information notifying Movant that he was subject to enhanced penalties under 18 U.S.C. § 924(e) as a result of two prior South Carolina convictions for third degree burglary and a prior conviction for possession with intent to distribute crack cocaine as a first offense. ECF No. 20. Following Movant's plea hearing, the United States Probation Office ("USPO") prepared a presentence investigation report ("PSR"), which designated Movant as an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on account of at least three prior convictions for a violent felony or serious drug offense, which were committed on different occasions. The PSR also designated Movant as a career offender pursuant to USSG § 4B1.4(c). Movant's criminal history amounted to a subtotal score of 11 points and a criminal history category of V, which increased to VI as a result of the career offender designation. Movant's combined adjusted offense level was 29, pursuant to USSG § 3D1.3(a), but increased to 33, as a result of his armed career criminal status, *see* USSG 4B1.4(b)(3)(B), and again to 34, as a result of his career offender status, *see* USSG § 4B1.1(b)(2). The PSR credited Movant with an adjustment for acceptance of responsibility, which reduced his adjusted offense level by three levels to a total offense level of 31. Movant's Guidelines range was 262 to 327 months of imprisonment.

At the sentencing held July 26, 2012, the court sentenced Movant to custody of the Bureau of Prisons ("BOP") for a term of incarceration of 262 months, comprised of 202 months as to Count 1 and Count 2, to run concurrently, and 60 months as to Count 3, to run consecutively, to be followed by a term of supervised release of 6 years, comprised of 5 years as to Counts 1 and 3 and one year as to Count 2, to run concurrently. The court entered judgment on July 31, 2012. ECF No. 61. Movant did not file a direct appeal.

On July 1, 2014, Movant proceeding pro se filed a § 2255 motion to vacate his sentence ("Original § 2255 Motion").  ECF No. 65.  The government responded by filing a motion to dismiss, ECF No. 75, to which Movant filed a joint response and reply, ECF No. 78.  The Federal Public Defender's office subsequently entered an appearance on Movant's behalf and with leave of court filed a supplemental § 2255 motion to raise arguments associated with *Johnson v. United States*, 576 U.S. 591 (2015) ("Supplemental § 2255 Motion").  ECF No. 91.  The government filed a motion for summary judgment or in the alternative to dismiss, ECF No. 93, to which Movant filed a response, ECF No. 98.  On the government's motion, the court stayed the matter pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).  ECF No. 97.  Both parties subsequently submitted supplemental filings.  ECF Nos. 100, 101.  On July 28, 2017, the court granted the government's motion for summary judgment and denied the Original § 2255 Motion with prejudice as untimely and dismissed the Supplemental § 2255 Motion without prejudice (the "Order").  ECF No. 102.  Judgment entered the same day and Movant filed a notice of appeal on August 15, 2017.  ECF No. 104.

On September 13, 2019, the United States Court of Appeals for the Fourth Circuit issued an order dismissing the appeal for lack of jurisdiction on the basis that the Order was not final, as it failed to adjudicate all the claims raised in the Original and Supplemental § 2255 Motions.  Specifically, the Circuit found the Order failed to address Movant's claim that, under *Johnson*, his South Carolina convictions for third degree burglary no longer qualify as predicates under the ACCA.  ECF No. 109.  Accordingly, the Circuit remanded the matter for consideration of this claim.

## DISCUSSION

**A.     Legal Standard**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255.  To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law; or is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate."  *Id.* at § 2255(b).  If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing.  28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); *see* Rule 4(b), Rules Governing Section 2255 Proceedings.

**B.     Analysis**

Movant seeks a correction of his sentence on the grounds that his prior South Carolina convictions for third degree burglary no longer qualify as ACCA predicates.  ECF Nos. 65; 91.  The government responds that Movant through his plea agreement waived his right to raise a § 2255 challenge and that, in any event, the career offender designation drove the Guidelines calculation such that removal of the armed career criminal enhancement has no practical effect.  ECF No. 93-1.  In reply, Movant argues in pertinent part that the waiver of collateral relief in the

plea agreement does not bar his challenge nor is the claim procedurally defaulted and that he "is entitled to have the correct determination made as to his criminal status."  ECF No. 98.

The court addresses the merits of Movant's argument first, as that analysis guides the discussion on whether the appeal waiver bars the *Johnson* claim.

1. The ACCA Designation

Count 1 charged Movant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1).  The statutory penalty associated with § 922(g) limits prison time to a maximum of 10 years.  18 U.S.C. § 924(a)(2).  The ACCA in turn mandates a minimum sentence of 15 years for any defendant convicted of being a felon in possession of a firearm if the defendant has three or more convictions for a serious drug offense or violent felony.  Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The first subsection is known as the "force clause."  The first part of the second subsection is known as the "enumerated offenses clause" and the second part of that subsection, beginning with the phrase, "otherwise involves . . .," is known as the "residual clause."  In 2015, the Supreme Court issued its decision in *Johnson v. United States*, holding that the residual clause is unconstitutionally vague.  576 U.S. 591, 606 (2015).  The decision did not, however, "call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Id.*  The Supreme Court made *Johnson* retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).  Accordingly, "[t]he

5

statutory landscape as it stands today is that a defendant's prior conviction can still qualify as a 'violent felony' only under the force clause or the enumerated clause of the ACCA." *United States v. Cornette*, 932 F.3d 204, 208 (4th Cir. 2019).

The question before the court is whether Movant's two prior convictions for third degree burglary qualify as ACCA predicates in light of *Johnson*. The court notes in reviewing the record in this case that neither the USPO nor the government specified under which clause of the ACCA the predicates qualified, and the court made no findings with respect to that issue. The parties similarly do not address the question in their briefs on the Supplemental § 2255 Motion.[1] In his motion to amend the Original § 2255 Motion, Movant asserted only that the South Carolina statute for third degree burglary, S.C. Code Ann. § 16-11-313(A), is indivisible and sweeps more broadly than generic burglary.[2] ECF No. 87-1.

The court finds that it is unclear which clause was invoked in assigning the ACCA designation, and that the equivocation should be read in Movant's favor. *Cornette*, 932 F.3d at 208 (explaining that the court would "not penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony") (quoting *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017)). On this basis, the court finds that Movant assumed ACCA status by operation of the residual clause. Because

---

[1] It appears that the government in its motion to dismiss and response to the Original § 2255 Motion conflated the ACCA argument with Movant's then-pending challenge to the career offender designation. *See* ECF No. 75-1 at 9-10. In its brief, the government asserted that Movant's "burglary convictions qualify as crimes of violence both as enumerated crimes under U.S.S.G. § 4B1.2(a)(2) and under the residual clause of § 4B1.2(a)(2)." *Id.* at 10 n.2. But it is clear both that the Guidelines section the government references governs the career offender designation and that the burglary convictions were used as ACCA predicates and not as career offender predicates. The government acknowledged as much in its motion to dismiss and response to the Supplemental § 2255 Motion. *See* ECF No. 93-1 at 5.

[2] In a pro se filing in support of a pro se motion to amend the Original § 2255 Motion, Movant asserted that the ACCA designation is based on application of the residual clause. ECF No. 84.

the Supreme Court has invalidated the residual clause and made that change in law retroactive, Movant's ACCA designation is not and has never been valid.

With this legal framework in mind, the court turns to the government's contention that Movant is barred from even bringing this challenge on account of the appellate waiver. Ordinarily, "a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence, may not then seek to appeal the very sentence which itself was part of the agreement." *United States v. Bethea*, 841 Fed. Appx. 544, 547 (4th Cir. 2021) (quoting *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). However, the Fourth Circuit recently addressed the very contention at issue here and recognized an exception to this principle. In *Cornette*, cited above and published well after the parties had completed briefing the issues raised in the Supplemental § 2255 Motion, the Fourth Circuit examined whether an appeal waiver barred it from considering the merits of a movant's ACCA petition for relief and held, under the circumstances of that case, that it did not. The circumstances of that case are for all practical purposes identical to the circumstances of this case.

As the *Cornette* court explained, and Movant contends, an appeal waiver "does not preclude a defendant from challenging a sentence 'based on a constitutionally impermissible factor' or 'a sentence imposed in excess of the maximum penalty provided by statute.'" *Cornette*, 932 F.3d at 209 (quoting *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) and collecting cases). Like the defendant in *Cornette*, Movant raises a challenge that is "predicated on the assertion that the district court did not have the statutory authority to impose the sentence [it rendered]." *Id.* The difference between this type of challenge and a collateral attack based merely on a subsequent change in sentencing law is the element of retroactivity. "[A] defendant who waived his right to appeal a sentence imposed under the old regime remains bound by [the

7

appeal] waiver even if resentencing under the new regime might otherwise entitle him to new rights or subject him to different penalties." *Id.* at 210 (examining Fourth Circuit and Supreme Court precedent). Only with the addition of *Welch* does *Johnson* create a viable claim for Movant. The two decisions operating together require the court to find that the enhanced penalty based on the ACCA designation is unconstitutional and, as such, is not subject to the appeal waiver.

As a final matter, the court acknowledges the government's argument that the court should decline to resentence Movant under the "concurrent sentence doctrine," as a result of the concurrent 202-month sentence imposed on Count 2. *See* ECF No. 93-1 at 10. The doctrine "provides that where a defendant is serving concurrent sentences and one conviction is shown to be valid, the court may decline to pass upon the validity of the other conviction." *United States v. Hill*, 859 F.2d 325, 326 (4th Cir. 1988). *See United States v. Charles*, 932 F.3d 153 (4th Cir. 2019) (affirming district court's use of doctrine to decline to review movant's challenge to the ACCA enhancement to his sentence).[3] However, application of the doctrine is discretionary and the court finds that application here would be improper, considering the court had no statutory authority to impose an enhanced sentence for Count 1.

In sentencing Movant as an armed career criminal based upon application of the residual clause of the ACCA, the court imposed a sentence on Count 1 that exceeds the statutory maximum authorized. Accordingly, the court grants the Original § 2255 Motion, ECF No. 65, and Supplemental § 2255 Motion, ECF No. 91, in part and as to the specific issue of whether Movant's South Carolina convictions for third degree burglary no longer qualify as predicates

---

[3] The *Charles* panel issued its decision four days before the *Cornette* panel issued its decision. The Honorable Allyson K. Duncan served on both panels.

under the ACCA. The court denies the government's motions, ECF Nos. 75, 93, in part and as to this specific issue. Consistent with the finding that the predicates no longer support a sentencing enhancement, Movant is entitled to a resentencing, to be set by separate court notice. The court appoints the Federal Public Defender to represent Movant for the purpose of resentencing and hereby refers the matter to the United States Probation Office for preparation of an amended presentence investigation report.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina  
May 14, 2021