IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America | C/A No. 5:11-cr-795-SAL |
| v. | **OPINION AND ORDER** |
| Troy Demetrius Wright, | |
| Defendant. | |

This matter comes before the court pursuant to a motion to reduce sentence filed pro se by Defendant Troy Demetrius Wright. [ECF No. 143.] In May 2023, the government responded in opposition to the motion, ECF No. 147, but Defendant subsequently informed the court by letters dated July 31, and August 6, 2023 that he did not receive the government's response, ECF Nos. 148, 150. The government reserved its response on August 7, 2023. ECF No. 151. After carefully analyzing the arguments raised by the parties in accordance with the relevant facts and law, the court denies Defendant's motion for the reasons below.

**RELEVANT BACKGROUND**

The following summary from the court's recent order denying Defendant's motion for compassionate release provides the relevant history of this case:

> On February 29, 2012, Defendant Troy Demetrius Wright pleaded guilty to three counts of a seven-count indictment: felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1); possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 2); and possession of a firearm in furtherance of a federal drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). On July 19, 2011, the government filed an Information pursuant to 21 U.S.C. § 851 notifying Defendant that he was subject to an enhanced sentenced under 21 U.S.C. § 841 based on a prior felony drug conviction, as well as a second Information notifying Defendant that he was subject to the enhanced penalties of

1

the Armed Career Criminal Act, 18 U.S.C. § 924(d) ("ACCA") based on prior burglary offenses and a charge of possession with intent to distribute crack cocaine. ECF Nos. 19, 20. On July 26, 2012, Defendant was sentenced as a career offender based on two convictions in 2001 in Orangeburg County, South Carolina, for burglary 3rd, ECF No. 59, ¶ 43; a conviction in 2005 in Orangeburg County for possession with intent to distribute crack cocaine, *id.* ¶ 44; and convictions in 2008 in Orangeburg County for possession with intent to distribute marijuana and possession of one gram of cocaine base, *id.* ¶ 45. The burglary convictions were deemed to be predicate offenses under the ACCA; the possession with intent to distribute crack cocaine offense deemed to be a predicate offense under both the ACCA and for purposes of career offender under U.S.S.G. § 4B1.2(a)(2); and the possession with intent to distribute marijuana conviction deemed to be a predicate offense under § 4B1.2(a)(2). The court imposed a sentence of incarceration for a period of 262 months, consisting of 202 months as to Counts 1 and 2, to run concurrently, and 60 months as to Count 3, to run consecutively, to be followed by a term of supervised release of 6 years, consisting of 5 years as to Counts 1 and 3 and 6 years as to Count [2], to run concurrently. Judgment was entered on July 31, 2012.

On July 1, 2014, Defendant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Defendant alleged he erroneously was denominated a career offender under 18 U.S.C. § 924 (Ground One); he erroneously was sentenced to two different mandatory minimum sentences (Ground Two); and he received ineffective assistance of counsel because trial counsel did not object to Defendant's sentence to two different mandatory minimum sentences (Ground Three). On May 12, 2016, Defendant, through counsel, moved to amend the § 2255 motion on the grounds that, under the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) (holding that the residual clause of § 924(e)(2)(B)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—is unconstitutionally vague), Defendant lacks the requisite number of qualifying predicate convictions to be found an armed career criminal. An amended § 2255 motion was filed on May 12, 2016. On June 13, 2016, the government filed a motion for summary judgment. On July 28, 2017, the court issued an order where in, among other things, it noted that the gravamen of Defendant's *Johnson* claim was that § 4B1.2(a)(2)'s residual clause was void for vagueness. The court observed that the United States Supreme [C]ourt rejected that argument in *Beckles v. United States*, 137 S. Ct. 886 (2017). The court granted the government's motion for summary judgment. On appeal, the Court of Appeals for the Fourth Circuit determined that the court had failed to address Defendant's claim that, under *Johnson*, Defendant's prior third degree burglary convictions no longer qualify as predicate offenses under the § 924(e). The cause was remanded for further consideration.

On May 14, 2021, the court issued an order in which it found that Defendant assumed ACCA status by operation of the residual clause of § 924(e). The court granted Defendant's § 2255 motion as to this issue. On October 5, 2021, the court

resentenced Defendant to custody for a period of 197 months, consisting of 120 months as to Count 1 and 137 months as to Count 2, to run concurrently, and 60 months as to Count 3, to run consecutively, to be followed by a term of supervised release of 6 years, consisting of 3 years as to Counts 1 and 3 and 6 years as to Count [2], to run concurrently. An amended judgment was entered on October 5, 2021.

[ECF No. 141 at 1–3.] Defendant filed a motion for compassionate release on January 28, 2021, which was denied by the court on October 21, 2021, based on the finding that Defendant had not demonstrated an "extraordinary and compelling reason" to justify his release. [ECF Nos. 113, 141.]

On November 28, 2022, Defendant filed a letter and motion arguing that he no longer qualified as "an Armed Career Criminal or a Career Offender" when he was resentenced in 2021 and additionally asserting he "fit the criteria for a reduction under Amendment 782." [ECF No. 143 at 1.] The government opposes Defendant's motion. [ECF No. 147.] This matter is fully briefed and ripe for review.

## STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception, outlined in 18 U.S.C. § 3582(c)(2), arises when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines pursuant to 28 U.S.C. § 994(o). When that happens, the court may reduce the term of imprisonment after considering the facts set forth in 18 U.S.C. § 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

## DISCUSSION

As set forth above, Defendant's requested sentence reduction is based on his assertion that, when he was resentenced in 2021, he was no longer an armed career criminal or a career offender.

[ECF No. 143 at 1.] He asks the court to see if the reduction under Amendment 782 is applicable to him. *Id.*

In response, the government argues Defendant is correct that he was no longer an armed career criminal at his 2021 resentencing, but the court already made that finding when it granted in part and denied in par Defendant's § 2255 motion. *See* ECF No. 123 at 5–9. As to Defendant's contention that he also no longer qualifies as a career offender, the government disagrees. According to the government, at his 2021 resentencing, Defendant properly classified as a career offender. [ECF No. 147 at 8.] The government points to the revised 2021 presentence report ("PSR"), which indicates that Defendant's prior convictions for controlled substance offenses properly served as career offender predicates. [ECF No. 127, ¶¶ 44, 45.] The revised 2021 PSR[1] further reflects that, as a career offender, Defendant was subject to a higher sentencing range than he would have been without that enhancement. *Id.* ¶ 81. Defendant's counsel admitted in 2021 that Defendant qualified for the career offender enhancement, but he moved for downward variance for many reasons, including that the career offender guidelines were overly punitive. [ECF No. 133 at 2–7.] The court ultimately granted Defendant's motion for a downward variance. [ECF No. 135.] Thus, the government argues Defendant's argument to the court are misplaced—he was not sentenced as an armed career criminal, but he was properly sentenced as a career offender.

As to Defendant's argument that he has not received the benefit of Amendment 782, the government notes the difference between Defendant's 2021 revised PSR and his original PSR. The 2021 revised PSR reflects that Defendant's base offense level under § 2D1.1 was 16 based on his being accountable for at least 20 kg but less than 40 kg of marijuana equivalent, ECF No. 140

---

[1] The PSR was adopted by the court at the 2021 resentencing. *See* ECF No. 137.

4

¶ 74, but his 2012 original PSR reflects a base offense level of 18 despite his drugs falling in the same drug amount range, ECF No. 59 ¶ 74. Thus, the government asserts "it is clear that in 2021, he did receive a 2-level reduction to his base offense level based upon Amendment 782. However, it ultimately had no effect due to his career offender classification." [ECF No. 147 at 9.]

The court agrees with the government's reasoning, and Defendant has not replied to the government's arguments. Contrary to Defendant's claims, he was not sentenced as an armed career criminal when he was resentenced in 2021. On the other hand, he was properly sentenced as a career offender, and he admitted as much in 2021. Ultimately, he received a sentence below the career offender guidelines range. He is not entitled to any further reduction under Amendment 782 since that change to the Guidelines was taken into account at the time of his 2021 sentencing. After carefully reviewing the briefs of the parties and the facts of this case, the court finds that no further reduction in Defendant's sentencing range is necessitated by Amendment 782.

## CONCLUSION

For these reasons, the court **DENIES** Defendant's Motion to Reduce Sentenced Under Amendment 782. [ECF No. 143.]

**IT IS SO ORDERED.**

October 3, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge